## WARD *v.* SMITH and others.(*a*)

WHERE administrators sold lands of their intestate, under an order of the surrogate, and one of them purchased the lands at the sale, and the same were conveyed to him by the administrators as such ; it was *held*, that the deed was not void, but was voidable in a court of equity, at the instance of any of the heirs of the decedent.

The purchaser under such circumstances, holds the land as a trustee for the heirs, with the right to be reimbursed for his purchase money. And purchasers under him are chargeable with notice of the trust, it being apparent upon the face of his deed.

An administrator, in 1805, became such purchaser of lands of his intestate, and they were held adversely from that time onward. W., a daughter of the intestate, was then a married woman, and so continued till 1827. In 1839, she filed a bill to set aside the sale. *Held*, that she was not barred by lapse of time.

As to other lands of the intestate claimed by the administrator, not conveyed to him by the deed under the surrogate's sale ; the heir's remedy is at law, and not in equity.

Poughkeepsie, July 27, 28 ; 1846.

THE bill in this cause was filed, in June, 1839, by Mahala Ward, against George Smith, William R. Mulford, and Nathan Barnes, and against several other parties who were heirs or descendants of Stephen Baker the elder, deceased.

It appeared by the pleadings and proofs, that the decedent died seised of a small farm and a small tract of woodland and of salt meadow, in Easthampton, in the county of Suffolk. He had thirteen children, who were either living at his death, or had died leaving issue. The complainant was one of his children, and was married at the time of his death. Her husband died in 1827. By the death of two of the intestate's heirs without issue, the number was reduced to eleven.

(*a*) This cause, and several of those which follow, were heard at a special term, held by the assistant vice-chancellor, for the vice-chancellor of the second circuit, at the court-house in the village of Poughkeepsie, in the county of Dutchess, on the fourth Monday of July, 1846.

The intestate's widow, and his son, Stephen Baker 2d, became his administrators. In the fall of 1804, proceedings were had before the surrogate of the county of Suffolk, for the sale of the real estate of the intestate, for the purpose of paying his debts; which resulted in an order for a sale, and a sale by the administrators, at which S. Baker 2d, became the purchaser of the farm. The same was conveyed to him in 1805, by the widow and himself as administrators, pursuant to the sale. He went into possession of the farm, and also of the other lands, and he and those deriving title under him, have had possession, claiming the same as their own, from thence to the present time.

Several years before this suit, S. Baker 2d, sold and conveyed all the premises to a purchaser, who subsequently sold them all, in different parcels, to the defendants, Smith, Mulford and Barnes; each having a portion of the farm.

The bill alleged that the surrogate's sale was set on foot, and effected by the fraud of S. Baker 2d; that there were no debts which made it necessary to sell; that the proceedings before the surrogate were wholly irregular and defective, and conferred upon him no jurisdiction; and the deed of the administrators to S. Baker 2d, was void. It prayed that the complainant might be let into possession of her share of her father's estate, and for an account of the rents and profits.

Smith, Barnes and Mulford answered, setting up among other things, that they were *bona fide* purchasers without notice; that the complainant had an ample remedy at law, and that she was barred from any relief by lapse of time. The other defendants suffered the bill to be taken as confessed.

It is deemed unnecessary to state the testimony bearing upon the alleged fraud, or the defects in the proceedings before the surrogate, as the case was disposed of on other grounds.

*H. B. Duryea* and *J. Greenwood*, for the complainant, made the following points:

I. The sale and conveyance to Stephen Baker, the administrator, by himself and Mary Baker, his mother, as administrator and administratrix, should be set aside as void, or as being in

violation of the trust reposed in them, and against the policy of the law. (1 Ves. 9; 6 ibid. 625; 10 ibid. 246; 3 Mer. 208, and notes; 9 Paige, 240 and 649; 2 Sugd. on Vend. 129 to 137, and cases cited.)

II. No title was acquired by the said Stephen Baker, to twenty-two acres of the homestead, nor to the woodland, for they were not sold at the sale at which he purchased, and the former is not even comprised in the conveyance to him. This court having acquired jurisdiction as to the other part of the case, will exercise it also as to this, the whole premises being held under one title.

III. Benjamin Smith, the purchaser from S. Baker 2d, is chargeable with notice of the nature of the title of the said Stephen Baker, in law and fact, and neither of them could have claimed the benefit of the statute of limitations, nor could the devisees of the latter.

IV. The defendants, Mulford, Smith and Barnes, also purchased with notice.

V. The bill is not barred by the statute of limitations, even if regarded as being filed on the ground of fraud, it having been so filed within six years after discovery of the facts constituting the fraud.

VI. But the bill may be regarded as founded on a violation of a trust, and in that view is not barred by length of time. The 52d section of ch. iv. part 3, of 2 R. S. does not apply; the time mentioned in it being prospective, and not having expired before the filing of this bill. (Cooper's Pl. 146; 10 Vesey, 423; 1 Bro. Parl. Ca. 9; 2 Eden, 280; 2 Ves. Jr. 280; 4 Bro. C. C. 214; 2 Sch. & Lef. 487; 5 Madd. 54; 6 ibid. 153; 20 Johns. 585; 2 Sugd. on Vend. 143.)

VII. Parties claiming as *bona fide* purchasers, must aver payment and prove it. They cannot rely upon the consideration expressed in their deed. And want of notice must be averred positively. The defence fails in both of these particulars. (7 Leigh's R. 393; 10 Yerger, 335; 2 Drur. & War. 31; 8 Cowen, 361; 2 Sugd. on Vend. 125.)

VIII. The complainant is entitled to a decree to be let into possession of her share of the estate of her father, and to an account of the rents and profits, &c.

*G. Miller*, for the defendants, made the following points.

The bill seeks to set aside the administrator's deed, on three grounds`; 1. Fraud. 2. The irregularity of the proceedings before the surrogate. 3. Informality of the deed.

I. There is a total failure of proof to sustain the allegation of fraud.

II. The bill shows that the surrogate had jurisdiction. Any irregularity in his proceedings, or error in his adjudication, must be corrected by appeal, and not by a collateral suit. (1 Kent & Radcliff's Ed. Laws of N. Y. 323, § 20 ; *Jackson* v. *Crawford*, 12 Wend. 533 ; *Jackson* v. *Robinson*, 4 ibid. 436 ; *Jackson* v. *Irwin*, 10 ibid. 441.)

III. Although the deed is informal, and may be insufficient to pass the title of the premises to Stephen Baker the second, yet it does not justify the interposition of this court to set it aside for the following reasons, viz :

1. Every defect of the deed is available at law, and does not need the aid of a court of equity. The aid of a court of equity can never be invoked against a void, defective, or informal deed. This court has no jurisdiction in such a case. ( *Van Doren* v. *Mayor &c. N. Y.*, 9 Paige, 388 ; *The Mayor of Brooklyn* v. *Messerole*, 26 Wend. 132.)

2. It satisfactorily appears in this case, that Stephen Baker 2d, paid for the property described in the deed, in good faith ; he is therefore entitled to the aid of a court of equity, to establish and sustain his title to it. (*Rea* v. *McEachson*, 13 Wend. 465 ; 2 Rev. Stat. 48, §§ 61, 62, 63, 64, 65.)

3. The deed is good evidence at law and in equity of the adverse possession of the premises described in it, by Stephen Baker 2d. (*Bradstreet* v. *Clark*, 12 Wend. 602 and 674; *Livingston* v. *Peru Iron Co.*, 9 ibid. 511.)

4. The defendants have established in this cause an adverse possession, as against the complainant. (2 Rev. Stat. 223, § 16, 2d ed.)

IV. If the complainant has shown any title to the premises, it is as tenant in common with each of the defendants, G. Smith, Mulford and Barnes ; and as such, she has a perfect remedy at

law against each ; and she has shown no cause for joining them in one suit in equity.

THE ASSISTANT VICE-CHANCELLOR, said the inferences from the testimony, were adverse to any intentional fraud on the part of Stephen Baker 2d, but it was not necessary to dispose of the case on that ground. It was perfectly clear that he obtained the property which was conveyed to him under the surrogate's order of sale, by a breach of trust, or by taking advantage of his situation as a trustee, to make the purchase. In equity therefore, he became a trustee of the land for the heirs, with a right to have his advances refunded to him. The surrogate's orders establish the fact, that the intestate's debts were outstanding, and the sale necessary.

The trust which fastened upon the land in the hands of S. Baker 2d, continued attached to it when conveyed to the present claimants. Every person deriving title from him, is chargeable with notice of the trust, by the deed which originated his title, and which discloses on its face, that he bought at a sale made by himself and another, as administrators. The complainant is thus entitled to recover one-eleventh of the premises.

It is objected, that her remedy is barred by lapse of time, but this is not correct. When her right of action accrued, she was under the disability of coverture, which continued without interruption till 1827. At that time, there was no statutory limitation of suits against trustees. The revised statutes, in 1830, prescribed a limit of ten years. If those statutes applied to existing causes of action, (and a year since, the assistant vice-chancellor said he had held they did not,) this suit was brought within the time limited after the statutes took effect.

As to the objection, that the complainant's remedy was adequate at law, it is undoubtedly well taken as to the lands not included in the administrator's deed. There is no trust as to those, and this court has no jurisdiction. But as to the residue, there is no force in the objection. The deed was not void, nor could S. Baker 2d, have repudiated it. It was voidable, at the instance of the heirs, and the subject being one of trust, it is peculiarly the province of equity to afford the remedy.

There must be a decree for the complainant accordingly, limited to the lands conveyed by the administrator's deed.